**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

_____

|  |  |  |
|---|---|---|
| EVANS LAW PLLC and KEVIN D. EVANS, | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 22-cv-539-WJM |
| | ) | |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

_____

**DEFENDANT'S RESPONSE TO PLAINTIFFS' THIRD STATUS REPORT**

Pursuant to the Court's minute order dated September 26, 2022, ECF 23, Defendant, the United States Department of Justice (DOJ), respectfully states that it opposes the proposal Plaintiffs articulated in their Third Status Report, ECF 22.  Plaintiffs propose that they submit to the Court a declaration that DOJ provided Plaintiffs in an attempt to narrow the issues in dispute in this Freedom of Information Act (FOIA) case.  Plaintiffs further propose that the Court evaluate this declaration, which was provided solely for negotiation purposes, to determine if DOJ has met its burden in asserting a _Glomar_ response to Plaintiff's FOIA request, which Plaintiffs apparently challenge.  Because it is standard in FOIA cases for the Court to resolve such an issue only upon a full summary judgment briefing record, including a final agency declaration that is provided for that purpose and not for negotiation, the Court should reject Plaintiffs' proposal.

From the outset of this FOIA case, the parties have worked cooperatively to narrow potential grounds of dispute and to attempt to resolve this matter without an unnecessary expenditure of judicial resources.  As part of those efforts, the parties initially agreed to a mutually-acceptable processing schedule for the set of documents that DOJ identified as potentially-responsive to Plaintiffs' FOIA request.  DOJ subsequently completed processing

the relevant documents and determined that, pursuant to FOIA Exemptions 6 and 7(C), it could neither confirm nor deny whether there were any responsive investigative records. Accordingly, it issued what is known as a *Glomar* response, which consists of an agency refusing to confirm or deny the existence of responsive records.[1]  DOJ then agreed to provide Plaintiffs a preliminary declaration explaining the basis for that response, in advance of DOJ filing its summary-judgment brief, so that Plaintiffs could assess whether they wanted to continue litigating the matter.  *See* ECF 22 at 2.  In doing so, DOJ explicitly noted that it was providing the declaration to facilitate negotiations, and reserved the right to present additional information in any final declaration that would ultimately be filed as part of DOJ's summary judgment submission in defense of its *Glomar* response.

Plaintiffs' proposal to file the preliminary declaration with the Court—for the purpose of the Court deciding the propriety of DOJ's *Glomar* response—flies in the face of DOJ's voluntary provision of the draft declaration to Plaintiffs for the purpose of negotiating in good faith. As Plaintiffs recognize, DOJ's draft declaration is protected from disclosure under Federal Rule of Evidence 408 because DOJ provided it to Plaintiffs as part of the parties' efforts to resolve this matter without further litigation.  *See* ECF 22 at 2; Fed. R. Evid. 408(a) ("statement made during compromise negotiations about the claim" "is not admissible . . either to prove or disprove the validity" of that claim).  Admitting that declaration "to prove or disprove the validity" of Plaintiffs' legal claims would thus run directly contrary to Rule 408.

Further, Plaintiffs' proposal that the Court evaluate the propriety of the DOJ's *Glomar* response based *only* on the preliminary declaration is contrary to the well-established process for adjudicating challenged issues in FOIA cases.  As Plaintiffs, who are experienced FOIA litigators, well know, FOIA actions are typically resolved on summary judgment, with

---

[1]  This term is derived from the case *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976), which upheld the CIA's use of the "neither confirm nor deny" response to a FOIA request for records concerning CIA's reported contacts with the media regarding Howard Hughes's ship, the "Hughes Glomar Explorer."

supporting briefs elucidating the legal issues and mapping them on to the facts explained in declarations. *See, e.g.*, *Leopold v. CIA*, 106 F. Supp. 3d 51, 55 (D.D.C. 2015); *see generally Larson v. Dep't of State* 565 F.3d 857, 862 (D.C. Cir. 2009) (explaining standard for summary judgment in FOIA cases).This process of a court adjudicating any challenges to an agency's response to a FOIA request based on the parties' summary judgment submissions is of course consistent with "our adversarial system of adjudication, [which] follow[s] the principle of party presentation." *United States v. Sineng-Smith*, 140 S. Ct. 1575, 1579 (2020). In "both civil and criminal cases, in the first instance and on appeal . . . [courts] rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). This system "is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Id.* (internal quotes and citation omitted); *see also Arizona v. California*, 530 U.S. 392, 412–13 (2000) (noting that "courts must be cautious about raising [issues] *sua sponte*, thereby eroding the principle of party presentation so basic to our system of adjudication").

That all applies in a FOIA case in general and in this FOIA case specifically. The Court would of course benefit from the proper framing of the issues in dispute here, based on briefs and a final agency declaration, rather than on cryptic arguments about the propriety of DOJ's *Glomar* response made in status reports. Thus, if Plaintiffs wish to challenge DOJ's *Glomar* response, the appropriate course is for the parties to submit summary judgment briefing. DOJ therefore respectfully requests that the Court direct the parties to confer and to submit a joint status report laying out a proposed briefing schedule.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

/s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV (NY Bar
4918793)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 305-8550
alexander.v.sverdlov@usdoj.gov

Dated:  October 10, 2022          *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on this 10th day of October, 2022, a copy of the foregoing document was filed electronically.  This filing was served electronically to all parties by operation of the Court's electronic filing system.


<u> /s/ Alexander V. Sverdlov </u>