IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00539-NYW-MEH

EVANS LAW PLLC,
KEVIN D. EVANS,

    Plaintiffs,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Plaintiffs have filed a Motion under Fed. R. Civ. P. 56(d) for discovery. ECF 33. The parties have fully briefed the Motion. ECFs 33, 39, 43. I heard oral argument on June 26, 2023. ECF 42. As a result of that argument, I ordered the Defendant to produce *in camera* a declaration regarding approximately 400 pages of documents that the United States at one point indicated may be responsive to Plaintiffs' Freedom of Information Act ("FOIA") request but as to which, at a later date, it changed its official position and issued a so-called *Glomar* response (an official response that refuses to confirm or deny the existence of certain records). *Id.*; *see also Wilner v. Nat'l Sec. Agency*, 592 F.3d 60, 67 (2d Cir. 2009). I also ordered the Defendant to identify the sources searched in response to Plaintiffs' FOIA request and to explain in detail the nature of the 400 pages and where they came from. ECF 42. Finally, I ordered Defendant to submit *in camera* exemplar documents of the 400 pages at issue (admittedly which the Defendant asserts may or may not exist) and to identify whether any such documents have been disclosed outside the Executive Branch.

Defendant has complied with my Order. *Id.* Defendant accordingly filed the Declaration under Restriction Level Two. ECF 46.

Opposing the Rule 56(d) Motion, Defendant asserts primarily that discovery is by far the exception in FOIA cases, and the Plaintiffs must make a showing that the agency has engaged in bad faith in how it handled the FOIA request. ECF 39. The Tenth Circuit has not directly adopted a "bad faith" standard for FOIA discovery, but it has found that discovery about an "agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Trentadue v. F.B.I.*, 572 F.3d 794, 807 (10th Cir. 2009) (internal quotations and citations omitted) (holding the district court committed an abuse of discretion in permitting such discovery). The Tenth Circuit has also cited with approval cases using the bad faith standard. *Liverman v. Off. of Inspector Gen.*, 139 F. App'x 942, 945 (10th Cir. 2005). Plaintiffs rely primarily on their need for the requested discovery in responding to the pending Motion for Summary Judgment filed by Defendant. ECF 33. Plaintiffs do not attempt to argue that the Government has engaged in bad faith. *Id.* Nor did they file a reply but after oral argument Plaintiffs supplemented their Rule 56(d) Motion with an article to rebut Defendant's argument that the public has a *di minimis* interest in the information Plaintiffs' FOIA request seeks. ECF 43.

Applying any standard that I can find for permitting discovery in a FOIA case, Plaintiffs have not met it here. But more fundamentally, although it is a restricted document and not available to the Plaintiffs in their summary judgment briefing, the Defendant's submission at ECF 46 (if Judge Wang determines it may be considered), coupled with all Defendant's responses of record to Plaintiff's FOIA request, are more than sufficient for Judge Wang, the presiding judicial officer in this case, to render a decision on the merits. Under the standard set forth in *Trentadue*, *see supra*,

2

permitting discovery would be an abuse of discretion here. Therefore, I must **deny** "Plaintiffs' Rule 56(d) Motion in Accordance with Court Order Doc. #3" [filed May 17, 2023; ECF 33]. Plaintiffs and Defendant are directed to confer and submit to the Court a schedule to complete the briefing on the Motion for Summary Judgment [ECF 32] **on or before September 8, 2023**.

    SO ORDERED.

    Entered and dated at Denver, Colorado, this 29th day of August, 2023.

    BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge